### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF CHESHIRE, APRIL TERM,

## A. D. 1830.

---

## JEREMIAH HILL *versus* PHILIP SWEETSER.

W. being indebted to F., S. agreed to sign a note for the amount, as a surety, with K. A note was written, in which W. was named as principal, and S. and K. as sureties, and was signed by W. and S.,and then carried to K,. who refused to sign it ; but it was, without the consent of S., carried to F., who, with a full knowledge of the circumstances under which the name of S. had been put upon the note, received it. It was held that S. was not bound to pay the note.

ASSUMPSIT upon a promissory note. The cause was tried here upon the general issue, at October term, 1829, when it appeared in evidence that Nathan Wilds was indebted to one Fife, in the sum of $200 ; that in August, 1828, Fife applied to Wilds for security ; that Wilds requested Jesse Knowlton to be surety, and that Knowlton consented to this, upon certain terms. Application was then made to the defendant, and he consented to be surety with Knowlton. The note mentioned in the declaration was then written as follows.

Hill
*v.*
Sweetser.

*Marlborough, August 22, 1828.*

For value received, I, Nathan Wilds, as principal, Philip Sweetser and Jesse Knowlton, as surety, promise to pay J. Hill, of Boston, $200, in six months from date, and interest.

This was signed by Wilds, and by Sweetser, with an understanding that it was to be signed by Knowlton, but Knowlton afterwards refused to sign it. It was then carried to Fife, and he was told all the circumstances under which the name of Sweetser had been put upon the note, and that Knowlton had refused to sign it ; but Fife delivered the note to the payee, and this suit was brought. To prove the circumstances under which the note was signed by the defendant ; he called Wilds as the witness, having released him from all claims he might have to costs on account of this suit. The plaintiff objected that Wilds was not a competent witness, but he was admitted to testify.

*J. Parker,* for the defendant.

It appeared upon the face of this instrument, that it was to be a note of Wilds as principal, and Knowlton and Sweetser as sureties, and Sweetser signed it, on the express condition and understanding that Knowlton was to become surety with him. It was not to be the promissory note of Sweetser until Knowlton's signature was procured.

Where a composition deed was executed by a surety in the usual way, but with a previous understanding that it was to be void unless all the creditors executed it ; and it was then delivered to one of the creditors to procure the execution of the rest ; it was held that all the creditors not having executed it, the surety was not bound. 4 B. & A. 440, *Johnson* v. *Baker.*

The same principle is recognized as applicable to a bond. 10 Mass. 445, *Cutler* v. *Whittemore.*

There can be no reason why it should not apply with equal or greater force to a promissory note ; and in 17

22

Mass. Rep. 605, *Bean* v. *Parker*, the Chief Justice remarks that "a bond, *or other instrument*, intended to be executed by several, is not good against one alone."

The note was in the nature of an escrow until completed and delivered. 2 Johns. Rep. 300, *Lansing* v. *Gaine*; 4 Conn. Rep. 237, *Huntington* v. *Smith*; 1 Conn. Rep. 494, *Shepard* v. *Hall*.

The face of it carried notice that the instrument was incomplete, and express notice was given to Fife, the creditor.

Had Fife been the agent of Hill, notice to him would have been notice to his principal. Payley on Agency, 199; 4 Camp. 225, *Maving* v. *Todd*; 13 Vesey 120, *Hiern* v. *Mill.*

Wilds was a competent witness, his interest, if he had any, being balanced. 7 D. & E. 480, *Ilderton* v. *Atkinson*; 2 East 458, *Birt* v. *Kershaw*; 1 Camp. 407, *Shuttleworth* v. *Stephens*; 4 M. & S. 484, *Hudson* v. *Robinson*; 6 Pick. 419, *Leavenworth* v. *Pope*; 2 Mass. Rep. 108, *Cushman* v. *Loker*; 4 Johns. 126, *McLeod* v. *Johnston*; 1 Wendell, 115, *Marshall* v. *Davis.*

*Wilson*, for the plaintiff.

*By the court.* The first question to be settled in this case is, whether Wilds was a competent witness? It is contended, that he had an interest inclining him to testify in favor of the defendant. It is undoubtedly true, that if the plaintiff shall recover against this defendant, and collect of him the amount of this note, Wilds will be liable to refund to the defendant that amount. But he will be no further liable, because the defendant has released to him all claims on account of the costs of this suit. Such is the liability of the witness, if the plaintiff shall prevail.

But what is the situation of the witness, if the plaintiff shall fail in this suit? It is admitted that he made the note as principal, and that it was given for a just debt. If a suit shall be brought against the witness on this note,

on what ground can he resist it ? We see none. The note contains his several promise. He is then liable to the same extent, whether this suit shall be determined in favor of the plaintiff or the defendant. He stands then without any interest inclining him the one way or the other, and we think he was properly admitted as a witness.

The next question is, whether the defendant is, under the circumstances, bound to pay the note ? There is nothing in the case, which shows that the person, in whose name the suit is brought, has any interest in it. The note was given for a debt due to Fife, and for aught that appears, the note still remains his property.

The facts are shortly, that the defendant agreed to be a surety with Knowlton, and to sign a note in which both are named as sureties. After the principal and the defendant had put their names to the paper, it was carried to Knowlton to sign and he refused. It was then delivered to Fife without consulting the defendant, and Fife, knowing all these facts when he received the note, now attempts to enforce the payment of it by the defendant. The question is, whether Fife is entitled to recover ? We are of opinion, that he is not entitled to recover. The contract was never completed. The evidence shows, not that the real contract was different from the contract which is proved by the note, but that under the circumstances of the case the note is not evidence of a contract. When Knowlton refused to sign the note, it ought to have been cancelled or returned to the defendant. It certainly ought not to have been delivered to Fife without the defendant's consent. He never had consented to be a surety alone. And as Fife knew all the circumstances, the attempt to enforce the payment of the note can hardly be viewed in another light than as a fraud.

It is clear that the defendant is not bound by the note. 2 N. H. Rep. 173 ; 10 Johns. 198, *Denniston* v. *Bacon* ; 2 Caine's Rep. 249 ; 2 Starkie's N. P. C. 340 *Cartwright* v. *Williams* ; 1 H. Bl. 89, note, *Beck* v. *Robley.*

*Judgment on the verdict.*